**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000873
20-OCT-2017
07:56 AM**

NO. CAAP-16-0000873

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TYLER K. WAKAMOTO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-05435)


SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, and Ginoza and Chan, JJ.)

Defendant-Appellant Tyler K. Wakamoto appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, Honolulu Division ("District Court"),[1] on November 17, 2016, in Case No. 1DTA-15-05435. The District Court convicted Wakamoto of one count of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") section 291E-61(a)(1).[2]

---

[1]    The Honorable Dyan K. Mitsuyama presided.

[2]    HRS section 291E-61(a)(1) (Supp. 2014) provides:

> A person commits the offense of operating a vehicle
> under the influence of an intoxicant if the person operates
> or assumes actual physical control of a vehicle:
>
> > (1)    While under the influence of alcohol in an
> > amount sufficient to impair the person's
> > normal mental faculties or ability to care
> > for the person and guard against
> > casualty[.]

On appeal, Wakamoto argues that the district court (1) erred by admitting into evidence, in Case No. 1DTA-15-05435, Officer Manueli Kotobalavu's testimony regarding Wakamoto's Standardized Field Sobriety Test ("SFST") where the testimony appeared to be based on the officer's review of a past recollection recorded rather than his memory; and (2) plainly erred by failing to dismiss *sua sponte* a charge against Wakamoto, brought in a separate case, Case No. 1DT1-15-207284, for crossing a broken white line lane marker in an unsafe manner while operating a motor vehicle ("Unsafe Broken Line Crossing") in violation of HRS section 291C-38(c)(1), because it arose out of the OVUII charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wakamoto's points of error as follows.

1.    The District Court did not err by admitting Officer Kotobalavu's testimony regarding the SFSTs.

Wakamoto contests the District Court's admission of Officer Kotobalavu's testimony regarding the SFSTs because the testimony was based on the officer's review of his police report rather than his memory.  At trial, when asked on direct examination where Wakamoto's vehicle was stopped, Officer Kotobalavu could not recall.  Counsel for the State presented Officer Kotobalavu with a copy of his police report to refresh his recollection.  The officer said that his recollection was refreshed, then testified that the stop was on Kalakaua Avenue.

Officer Kotobalavu testified about a matter that he personally experienced.  There is no evidence, such as an admission that he relied solely on his report or a failure to recall other details about his arrival on the scene, to suggest that he based his testimony only on what he read in the report. *See* Haw. R. Evid. 602 (a witness must have personal knowledge of matters to which he or she testifies) and 612 (writings may be used to refresh a witness's memory); *State v. Doo*, No. CAAP-15-0000449, 2016 WL 6906706, at *4 (Haw. Ct. App. Nov. 23, 2016) (officer's testimony was based on memory because after viewing

his report, he testified that his recollection was refreshed and provided additional details).  *Cf. State v. Dibenedetto*, 80 Hawai'i 138, 144-45, 906 P.2d 624, 630-31 (App. 1995) (officer did not have a "present recollection" where he indicated that his testimony was based on his report, offered at trial to refresh his recollection, rather than based on his own memory as revived or rekindled by the report).

After testifying extensively about his encounter with Wakamoto and administration of the horizontal gaze nystagmus ("HGN") test, Officer Kotobalavu recalled that while receiving instructions on the Walk-and-Turn test, Wakamoto "might have" swayed approximately six inches to his left and right, and that he began the test before being told to do so.  Furthermore, while performing both portions of the test, Wakamoto raised his arms approximately six inches from his body to keep his balance, missed heel-to-toe connections, stopped on the ninth step, and then took an extra step.

Over Wakamoto's objection, the State presented Officer Kotobalavu with a copy of his report to refresh his recollection regarding any other aspects of Wakamoto's performance on the Walk-and-Turn.  After looking at the report, and without stating that his recollection had been refreshed, the officer testified that after completing the first part of the test, Wakamoto spun around on his right foot, whereas he had been instructed to turn on his left foot, using short, choppy steps.

Again, Officer Kotobalavu did not state that his testimony was based solely on his report.  *See Dibenedetto*, 80 Hawai'i at 144, 906 P.2d at 630.  Further, prior to looking at the report, he recalled numerous details about the incident, including Wakamoto's appearance and odor, how he conducted and Wakamoto performed the HGN test, and other aspects of Wakamoto's performance on the Walk-and-Turn test.  *See State v. Nakamitsu*, No. CAAP-14-0001151, 2016 WL 381475 at *12 (Haw. Ct. App. Jan. 29, 2016), *aff'd*, 140 Hawai'i 157, 398 P.3d 746 (2017) (officer's recollection not based solely on his memory of his police report, despite repeatedly refreshing his memory with his report, where he did not state that his testimony was based

solely on his report, report appeared to stimulate his memory of numerous details, and he recalled significant details about incident prior to having his recollection refreshed). It is reasonable under the circumstances to infer that the SFST report merely jogged Officer Kotobalavu's memory. Wakamoto provides no authority for the contention that an officer is required to say whether his recollection was refreshed after looking at the report, and we find none.

      2.    We Lack Jurisdiction to Address Wakamoto's Second Point of Error.

Wakamoto contests the District Court's failure to dismiss the charge of Unsafe Broken Line Crossing, in Case No. 1DTI-15-207284, but in the Amended Notice of Appeal, he designated only the judgment convicting him of OVUII in Case No. 1DTA-15-05435. *See generally* Haw. R. App. P. 3(c)(2) ("The notice of appeal shall designate the judgment . . . appealed from."); *Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of the State of Hawai'i*, 92 Hawai'i 432, 448, 992 P.2d 127, 143 (2000) ("The notice of appeal shall designate the judgment . . . or part thereof appealed from." (quoting Haw. R. App. P. Rule 3(c)) (internal quotation marks omitted)). There is no evidence that the District Court consolidated the two cases, though the court heard both cases at the same time.

The trial transcript reflects clearly that the court addressed the broken line crossing charge at the close of the proceeding, however, there is no evidence of any objection being made at the time. Neither the Amended Notice of Appeal nor the originally-filed Notice of Appeal designate in any way the Notice of Entry of Judgment and/or Order and Plea/Judgment filed in Case No. 1DTI-15-207284, in which the court found Wakamoto guilty of Unsafe Broken Line Crossing. Furthermore, the $50 fine imposed by the court for violation of HRS section 291C-38(c)(1) is not included in the judgment from which the appeal is taken. *See State v. Graybeard*, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) ("[A] mistake in designating the judgment . . . should not result in loss of the appeal as long as the intention to appeal

from a specific judgment can be fairly inferred from the <u>notice</u> and the appellee is not misled by the mistake." (citation and internal quotation marks omitted, emphasis added)). Thus, the judgment in Case No. 1DTI-15-207284 is not contained in the record on appeal in the instant case and no reference to Case No. 1DTI-15-207284 appears anywhere in the Notice of Appeal or Amended Notice of Appeal or the exhibits attached to them. Therefore, we lack jurisdiction to address Wakamoto's second point of error.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, issued by the District Court of the First Circuit, Honolulu Division, on November 17, 2016, is affirmed.

DATED: Honolulu, Hawai'i, October 20, 2017.

On the briefs:

Earle A. Partington
(Law Office of Earle A.
Partington)
for Defendant-Appellant.

Justin P. Haspe,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge